# RAWLE & HENDERSON LLP



DIANE B. CARVELL
717-234-1054
dcarvell@rawle.com

The Nation's Oldest Law Office · Established in 1783

www.rawle.com

PAYNE SHOEMAKER BUILDING
240 N. THIRD STREET, 9TH FLOOR
HARRISBURG, PA 17101

TELEPHONE:(717) 234-7700
FACSIMILE:(717) 234-7710

May 24, 2024

**VIA ECF**
Judge Natasha C. Merle
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: Mertz v. Wells Fargo Bank, N.A., et al.
Docket No. 2:22-cv-03924-NCM-SIL
R&H File No: 805987

Dear Judge Merle:

On behalf of Wells Fargo Bank, N.A., [hereinafter "Wells Fargo"] we respectfully submit this pre-motion letter in advance of a Motion for Summary Judgment.

## FACTS

Plaintiff, Charles Mertz, is the administrator of the Estate of Joyce Gioe who was the owner of real estate located at 66 Arbour Street, West Islip, NY 11795 ["Subject Property"] until her death in 2012. Ms. Gioe had a home equity conversion mortgage with Wells Fargo. After Ms. Gioe's passing, the Mortgage went into default and a foreclosure action was filed on June 3, 2013.

After Ms. Gioe passed away, her husband, Mr. Gioe, lived in the house until July 1, 2014 when he was moved to a nursing home. At the time that Mr. Gioe was moved to a nursing home, the house was filled with dog feces and urine. Mr. Mertz testified that when Mr. Gioe was removed from the property, a fire department officer declared the house a HAZMAT condition. That same day, Mr. Mertz and his wife closed up and locked the house, but did not clean it or remove any of the food. While closing up the house, they walked with plastic bags on their feet due to the unsanitary conditions. Mr. Mertz did not have or take a key to the Subject Property.

On or around December 27, 2016, Wells Fargo requested an independent contractor, Safeguard Properties Management, LLC [hereinafter "Safeguard"], to secure and winterize the Subject Property. Safeguard's independent contractors reported a biohazard condition. After getting two bids, Safeguard retained Athens Bio Solutions, LLC [hereinafter "ABS"] to clean and disinfect the property. According to the accepted bid, "[a]ll personal property was to be manipulated

17864203-1

**RAWLE & HENDERSON** LLP

May 24, 2024
Page 2

throughout the property. No personal belongings were to be disposed of unless un-salvageable due to contamination." ABS determined that nothing in the property could be salvaged and removed all items from the Subject Property. ABS completed the work on or about June 8, 2017.

On or about April 28, 2022, plaintiff filed suit against Wells Fargo. The case was removed to this Honorable Court. On or about August 14, 2023, plaintiff filed an Amended Complaint adding ABS as a defendant. Plaintiff asserts claims against Wells Fargo sounding in (1) Breach of Contract; (2) Failure to Comply with NYS Banking law; (3) Bailment; (4) Replevin; and (5) Conversion. Wells Fargo seeks to file a Motion for Summary Judgment as to each count.

(1)     <u>Breach of Contract</u>

Plaintiff claims that Wells Fargo, through its employees, agents and/or servants removed the contents without permission and in breach of the terms of the mortgage. ABS, an independent contractor of Safeguard, was only authorized to remove items that were unsalvageable.

The terms of the Mortgage required the Borrower (Ms. Gioe) to not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate. The Mortgage also specified that "[i]f the property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower." Since the loan was in default and the property was vacant for more than 2½ years, Wells Fargo was authorized to take such actions to protect and preserve the vacant property.

(2)     <u>Failure to Comply with NYS Banking Law</u>

Plaintiff alleges Wells Fargo failed to prepare a list of the items removed from the premises. Plaintiff claims that Wells Fargo was "required by New York State banking law to draft, compile, and distribute a list of all of the personal property contained a real estate property that has been foreclosed." Plaintiff claims that Plaintiff "Gioe" sustained damage in the amount of $200,000 in failing to perform said inventory.

Despite formal and informal requests, plaintiff has not identified a specific NYS Banking Law that required Wells Fargo to prepare a list of items removed from the Subject Property. Without identifying the specific NYS Bank Law, plaintiff cannot establish that there is such a law or that the law provides for a private cause of action. Without such a law to reference, plaintiff also cannot establish how the failure to prepare an inventory caused damage in the amount of $200,000.

(3)     <u>Bailment</u>

Plaintiff asserts a bailment was created once it accepted dominion and control over the personal property of Mrs. Gioe. A bailment is the "delivery of personal property for some particular purpose, or a mere deposit, upon a contract express or implied, and that after such purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions or kept until he reclaims it". <u>Herrington v. Verrilli, 151 F. Supp. 2d</u>

**RAWLE & HENDERSON LLP**

May 24, 2024
Page 3

449, 457 (SDNY 2001) (citations omitted).  There must be either an actual or constructive delivery by the bailor and an actual or constructive acceptance by the bailee.  Id.

There is no contract of bailment in this matter.  Neither Ms. Gioe nor plaintiff delivered the personal property to Wells Fargo with the purpose of Wells Fargo holding and then returning such personal property.  See id. at 458.  Rather, there was a Mortgage that (1) required the Borrower to not damage the Property or allow it to deteriorate and (2) permitted Wells Fargo to protect and preserve the Subject Property if the loan was in default or if the property was vacant or abandoned.  Since the loan was in default and since the property was vacant, Wells Fargo was permitted to protect and preserve the Subject Property.  This does not constitute a bailment.

(4)     <u>Replevin</u>

There is no evidence that Wells Fargo stole or removed the personal belongings at the Subject Property.  Rather, the work was performed by ABS which determined that all of the items were unsalvageable.  Moreover, an action for replevin has a three-year statute of limitations from the date the items were removed.  CPLR § 214(3); *see also* Solomon R. Guggenheim Foundation v. Lubell, 77 N.Y.2d 311, 318, 569 N.E.2d 426, 429, 567 N.Y.S.2d 623, 626, (1991).  Since the work performed by ABS was completed by June 8, 2017, the statute of limitations expired on June 8, 2020.  Plaintiff did not file suit until April 28, 2022.  Therefore, the claim for conversion is barred by the statute of limitations.

(5)     <u>Conversion</u>

There is no evidence that Wells Fargo stole or removed the personal belongings at the Subject Property.  Rather, the work was performed by ABS which determined that all of the items were unsalvageable.  Moreover, an action for conversion has a three-year statute of limitations from the date the conversion takes place.  CPLR § 214(3); *see also* Vigilant Ins. Co. of Am. v. Hous. Auth., 87 N.Y.2d 36, 44 660 N.E.2d 1121, 637 N.Y.S.2d 342 (1995).  Since the work was completed by June 8, 2017, the statute of limitations expired on June 8, 2020.  Plaintiff did not file suit until April 28, 2022.  Therefore, the claim for conversion is barred by the statute of limitations.

In accordance with Your Honor's Preferences, a Statement of Material Facts is enclosed herein.

Very truly yours,

RAWLE & HENDERSON LLP

By: *Diane B. Carvell*
     Diane B. Carvell

DBC/mms
Enclosure
cc:     Richard Lavorata, Jr., Esquire *(via ECF)*

17864203-1