**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CHARLES N. MERTZ, as the Administrator of the ESTATE OF JOYCE GIOE | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| WELLS FARGO BANK, N.A., | : |
| CHAMPION MORTGAGE,  and | : |
| ATHENS BIO SOLUTIONS, LLC, | : |
| | : DOCKET NO: |
| Defendants, | : 2:22-CV-03924-JMA-SIL |
| | : |
| WELLS FARGO BANK, N.A., | : |
| | : |
| Third Party Plaintiff | : |
| | : |
| v. | : |
| | : |
| ATHENS BIO SOLUTIONS, LLC, | : |
| | : |
| Third Party Defendant | : |

---

**WELLS FARGO BANK, N.A.'S
STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

AND NOW, this 24th day of May, 2024, comes defendant, Wells Fargo Bank, N.A. [hereinafter "Wells Fargo"], by and through its counsel, Rawle & Henderson LLP, and hereby submits this Statement of Material Facts as follows:

1.      Plaintiff, Charles Mertz, is the Administrator of the Estate of Joyce Gioe.

2.      Joyce Gioe was the owner of property located at 66 Arbour Street, West Islip, New York 11795  ["Subject Property"] until her death.

3.      Ms. Gioe died in 2012.

4.      Ms. Gioe had a home equity conversion mortgage with Wells Fargo.

5.      After Ms. Gioe's passing, the Mortgage went into default.

6.      A foreclosure action was filed by Wells Fargo on June 3, 2013 in Suffolk County Supreme Court at Index No: 014546/2013

7.      After Ms. Gioe passed away, her husband, Michael Gioe, lived in the house until July 1, 2014 when he was moved to a nursing home.

8.      While Mr. and Mrs. Gioe lived at the Subject Property, they had several dogs.

9.      At the time that Mr. Gioe was moved to a nursing home, the house was filled with dog feces and urine.

10.     Mr. Mertz testified that when Mr. Gioe was removed from the property, a fire department officer declared the house a HAZMAT condition.

11.     That same day, Mr. Mertz and his wife closed up and locked the house.

12.     When Mr. and Mrs. Mertz closed up and locked the house in 2014, they did not clean it or remove any of the food.

13.     While closing up the house in 2014, Mr. & Mrs. Mertz walked with plastic bags on their feet due to the unsanitary conditions.

14.     Mr. Mertz locked the Subject Property when he closed up the house in 2014.

15.     Neither Mr. nor Mrs. Mertz had or took a key to the Subject Property when it was closed up in 2014.

16.     On or around December 27, 2016, Wells Fargo requested Safeguard Properties Management, LLC [hereinafter "Safeguard"], to secure and winterize the Subject Property.

17.     Safeguard was an independent contractor of Wells Fargo.

17864790-1

18.     Safeguard is a property preservation company which uses independent contractors to perform work order requested by various banks and mortgage companies.

19.     Safeguard's independent contractors reported a biohazard condition at the Subject Property.

20.     Safeguard obtained two bids to complete a cleanup of the biohazard condition.

21.     After getting two bids, Safeguard retained Athens Bio Solutions, LLC [hereinafter "ABS"] to clean and disinfect the property.

22.     According to the accepted bid, "[a]ll personal property was to be manipulated throughout the property.  No personal belongings were to be disposed of unless un-salvageable due to contamination."

23.     ABS determined that nothing in the property could be salvaged and removed all items from the Subject Property.

24.     Jonathan Meehan of ABS testified that that feces "appeared to be everywhere," including on the second floor.

25.     ABS completed the work on or about June 8, 2017.

26.     Plaintiff testified that he became aware of dumpsters at the Subject Property.

27.     Plaintiff testified that he knew that the items in the house were being placed in the dumpsters.

28.     Plaintiff testified that he observed a sticker in the vicinity of the front door.

29.     Plaintiff testified that the sticker had the name of a company on it.

30.     Plaintiff testified that the sticker had a phone number in it.

31.     Plaintiff testified that he did not call the phone number on the sticker.

17864790-1

32.     Safeguard did not permit, instruct or authorize ABS to remove any item from the Subject Property that was salvageable.

33.     Wells Fargo did not permit, instruct or authorize ABS to remove any item from the Subject Property that was salvageable.

34.     At all times material hereto, ABS was an independent contractor of Safeguard.

35.     On or about April 28, 2022, plaintiff filed suit against Wells Fargo in the Suffolk County Supreme Court.

36.     On or about July 5, 2022, plaintiff's suit was removed to this Honorable Court.

37.     On or about August 14, 2023, plaintiff filed an Amended Complaint adding ABS as a defendant.

38.     Plaintiff asserts claims against Wells Fargo sounding in (1) Breach of Contract; (2) Failure to Comply with NYS Banking law; (3) Bailment; (4) Replevin; and (5) Conversion.

39.     Ms. Gioe's Mortgage states as follows:

> **1.      Payment of Principal and Interest**.  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.
>
> *                         *                         *
>
> **4.      Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** .   .   . Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. .   .   .
>
> *                         *                         *
>
> **6.      Inspection**.   .   .   . If the property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property, without notice to the Borrower.

40.     When the work was performed by ABS in 2017, the Mortgage was in default.

41.     When the work was performed by ABS in 2017, the Subject Property was vacant.

4

42.     In the course of discovery, Wells Fargo asked plaintiff to "29.      Identify     any and all statutes which you claim were violated by Wells Fargo Bank, N.A."

43.     In response to Interrogatory No. 29. Plaintiff responded: "The plaintiff shall ask the Court to judicially notice any and all relevant statutes, rules, regulations and orders that are applicable."

44.     In the course of discovery, Wells Fargo asked the plaintiff to "30.  Identify any and all statutes which you claim required Wells Fargo Bank, N.A. to prepare an inventory of items allegedly removed from the Subject Property."

45.     In response to Interrogatory No. 30, plaintiff responded:  "It is custom and practice in the foreclosure industry to that in the event a property is to be secured, an inventory is required to protect the personal property that is not the subject of a mortgage foreclosure."

46.     At no time in any pleading discoveru did plaintiff identify a specific New York State Banking law that required Wells Fargo to draft, compile, and distribute a list of all of the personal property items contained in the real estate property that has been foreclosed.

47.     On July 12, 2016, Charles Mertz executed a Petition for Letters of Administration for the Estate of Joyce Gioe.

48.     In the July 12, 2016 Petition for Letters of Administration for the Estate of Joyce Gioe, Charles Mertz asserted that the decedent's personal property, passing by intestacy, was less than $2,000.

                                RAWLE & HENDERSON LLP

                                By: _____
                                        Diane B. Carvell, Esquire
                                        *Attorneys for Defendant*
                                        *Wells Fargo Bank, N.A.*

240 N. Third St., 9th Floor
Harrisburg, PA 17101
Phone:  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
Direct: 717-234-1054
dcarvell@rawle.com
R&H File No: 805,987-HBG

Dated: May 24, 2024

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on today's date, a true and correct copy of the Answer to Amended Complaint with Affirmative Defenses and Cross-Claims was served upon all attorneys of record, via ECF filing, as addressed as follows:

Richard Lavorata, Jr., Esquire
360 Sunrise Highway, Suite A
West Babylon, NY 11704
rlavorataesq@gmail.com
*Attorney for Plaintiff*

and by first class mail upon

Athens Bio Solutions, LLC
1220 Athens Ct.
Bel Air, MD 21014

RAWLE & HENDERSON LLP

By: _____

Diane B. Carvell, Esquire
*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

Dated:  May 24, 2024

17864790-1